IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Louis Brown, III, | ) | C/A No.: 1:15-2906-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Edward Bittinger, Hearing Officer; and | ) | |
| Warden Willie Eagleton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Walter Louis Brown, III ("Plaintiff"), proceeding pro se and in forma pauperis, is

an inmate incarcerated at Evans Correctional Institution ("ECI") in the custody of the

South Carolina Department of Corrections ("SCDC"). He filed this action pursuant to 42

U.S.C. § 1983, alleging that Disciplinary Hearing Officer Edward Bittinger ("Bittinger")

and Warden Willie Eagleton ("Eagleton") (collectively "Defendants") violated his

constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local

Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such

complaints for relief and submit findings and recommendations to the district judge. For

the reasons that follow, the undersigned recommends that the district judge dismiss the

complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff states on June 12, 2014, Bittinger sanctioned him to 12,600 days

disciplinary confinement, 1035 days loss of good-time, and 25,200 days privilege

restriction. [ECF No. 1 at 3]. Plaintiff claims he received these sanctions because he had a

Facebook account. *Id.* Plaintiff alleges Bittinger refused to allow him to call witnesses or present notarized affidavits in his defense. *Id.* Plaintiff claims Bittinger violated his due process rights and disregarded SCDC policy and procedure when he sanctioned Plaintiff 36 different times for one offense. *Id.* Plaintiff states that Eagleton denied his grievance on June 27, 2014, disregarding proper policy and procedure and due process. *Id.* Plaintiff states these sanctions were cruel and unusual punishment because the punishment: (1) left him confined in disciplinary segregation for over eight months; (2) changed his release date from 2017 to 2020;  (3) caused him anxiety and stress; (4) keeps him locked in his cell 23 hours a day, with only three showers per week; (5) made him lose 30 pounds; (6) prevents him from calling or visiting his family; and (7) caused his parole to be denied. *Id.* at 3–4. Plaintiff asks the court to overturn his sanctions, transfer him to a new institution, and award him monetary damages. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Disciplinary Proceedings

Plaintiff alleges Bittinger violated his due process rights when he did not allow Plaintiff to offer witness testimony during his disciplinary hearing and sanctioned him 36 different times for one offense. [ECF No. 1 at 3]. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). To prevail on a procedural due process claim, an inmate must first demonstrate

that he was deprived of life, liberty, or property by governmental action. *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997).

Plaintiff alleges the loss of good time credits, which implicates a protected liberty interest. However, a prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to a prisoner's claim for damages regarding loss of good time credits. *Id.* at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good time served, *Heck* bars the § 1983 claim. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff has not offered any evidence that his disciplinary conviction was overturned. Instead, he states Eagleton denied his grievance. [ECF No. 1 at 3]. Accordingly, Plaintiff's claim is barred by the holdings of *Heck* and *Edwards* and Defendants are entitled to summary dismissal of this claim.

2.    Cruel and Unusual Punishment

Plaintiff alleges his placement in disciplinary confinement and the restriction of his privileges is cruel and unusual punishment. [ECF No. 1 at 3–4]. While the

Constitution "does not mandate comfortable prisons," "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).

To demonstrate that the conditions deprived him of a basic human need, Plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as adequate food, clothing, shelter, and medical care, and reasonable measures to guarantee the safety of the inmates. *Farmer*, 511 U.S. at 832. With regard to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 847. Plaintiff alleges he was confined in disciplinary segregation for over eight months and his phone and visitation privileges were revoked. [ECF No. 1 at 3].   Plaintiff also argues his punishment caused him anxiety, stress, and weight loss. *Id.* Plaintiff's allegations fail to demonstrate an Eighth Amendment violation. Plaintiff cannot show he was denied any basic human need such as food, clothing, shelter, or medical care. *See Farmer*, 511 U.S. at 832, 837. Further, "the isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable." *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999).   Plaintiff also fails to offer any facts to demonstrate Defendants were aware of,

and disregarded, any substantial risk of harm to his health or safety. *Id.* Because Plaintiff fails to state a cognizable Eighth Amendment claim, the undersigned recommends that this claim be summarily dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 12, 2015                                         Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).